IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN HALE**                                                                                                          **PLAINTIFF**

**VERSUS**                                                                   **CIVIL ACTION NO.  1:14cv61-LG-JMR**

**HARRISON COUNTY**
**BOARD OF SUPERVISORS, ET AL.**                                                    **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter comes before this Court on Plaintiff, John Hale's [Hale] Motions [13] for Emergancy [sic] Injunctive Relief and for Contempt Proceedings [12]. Also pending before the Court is Hale's motion for Enforcement of Consent Decree [23] and Ruling on Plaintiff's Request for Injunction. According to Hale, he was receiving certain medications which are allegedly now being withheld in an effort to inflict pain upon him. [13, p. 1.] Hale asserts that he had been receiving Ultram for pain and Zantac for gastrointestinal issues, but these medications were stopped "because I decided to move forward with my claims." [13, p. 1.]

The Defendants have responded by indicating that the motions for contempt proceedings and to enforce the consent decree should be denied because Hale seeks to enforce a consent decree entered between the United States and Harrison County, which is more properly brought as a suit seeking enforcement of the decree rather than under 42 U.S.C. § 1983. [27, p. 1 and 29, p. 1.] In addition, Dr. Coulter asserts that Hale's claims regarding any refusal to treat pain and gastrointestinal issues lack merit. [27, p. 3.] Dr. Coulter contends that Hale's disagreement with the course of his treatment is not evidence of deliberate indifference or retaliation. (*Id*.) Copies of Hale's Medication Administration record from the Harrison County Detention Center [HCDC] were submitted by Dr. Coulter which show that Hale has received pain medication and

medication for gastrointestinal issues, along with other medications. [48.] Dr. Coulter asserts that Hale's motions for relief lack merit. [27, p. 5.]

To prevail on a request for a temporary restraining order or preliminary injunction, a party must demonstrate the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Nw. Houston v. Bell,* 248 F.3d 411, 419 n. 15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). The Fifth Circuit has cautioned that an injunction is an extraordinary measure when "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Trans. Inc. v. Fort Worth & W. RR*, 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted). Also, since the instant case concerns prison conditions, the Prison Litigation Reform Act [PLRA][1] imposes additional restrictions on the authority to grant an injunction.

---

[1]The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). In particular, the PLRA prohibits an order granting prospective relief or a preliminary injunction unless the court first finds that such relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the harm; and (3) is the least intrusive means necessary to correct that harm. *See* 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. *See* 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2).

Hale's complaint alleges the denial of adequate medical care. [1, p. 5.] A plaintiff's disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Furthermore, the law does not require that Hale agree with the course of treatment he is provided by the prison doctors as long as the defendants have not acted with intentional indifference to a serious need. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (an inmate's disagreement with his medical treatment does not give rise to a constitutional claim under § 1983.)

At this stage of the litigation, there remains a question regarding whether Hale will be successful on the merits of his claims. Generally, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and are not intended as a substitute for relief on the merits of the case. *See Foreman & Dallas County, TX*, 193 F.3d 314, 323 (5th Cir. 1999). The Court anticipates scheduling the present case for a *Spears* Hearing in the near future to further develop the allegations advanced by Hale. There is currently no indication in the record of a substantial threat that Plaintiff will suffer irreparable injury without the requested injunctive relief. Hale's allegations concerning his medications are not substantiated by the record. In addition, the pleadings demonstrate that he is being seen by medical personnel at the HCDC. [48.] Therefore, this Court recommends that Hale's Motion [13] for Emergancy [sic] Injunctive Relief be denied.

Hale's motions for contempt proceedings and to enforce a consent decree also fail. Hale contends that Harrison County has been "under the consent decree for over twenty years yet thay

[sic] continue to violate the rights of myself and citzens [sic] of this county." [23, p. 1.] He also "seeks the Honorable Court to hold the Harrison County Sherriff [sic] and the County of Harrison in contempt of the consent decrees thay [sic] have been under for the last twenty years." [12.] He does not outline any particular issue or provide any evidence of how the decree is allegedly being violated. Hale has "the burden of establishing by clear and convincing evidence that the decree is being violated." *Whitfield v. Pennington,* 832 F.2d 909, 913 (5th Cir. 1987), *cert. denied* 487 U.S. 1205 (1988). Hale fails to meet this burden, and the Court recommends that his motions for Contempt Proceedings [12] and for Enforcement of Consent Decree [23] and Ruling on Plaintiff's Request for Injunction should also be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than July 22, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was sent to Hale at his last known address by certified mail, return receipt requested.

This the 8th day of July, 2014.

                                                                                 s/ John M. Roper, Sr.
                                        CHIEF UNITED STATES MAGISTRATE JUDGE