IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN HALE                                                                                          PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:14cv61-LG-JCG

HARRISON COUNTY BOARD
OF SUPERVISORS et al.                                                                      DEFENDANTS

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT are five Motions, filed by Plaintiff John Hale, a state prisoner, who is proceeding *pro se* and *in forma pauperis*:

1. [12] Petition for Contempt Proceedings as to the Consent Decree Against the Harrison County Jail;

2. [13] Motion for Emergency Injunctive Relief from Vengeful Punitive Action Taken by Defendant Dr. Coulter;

3. [23] Motion for Enforcement of Consent Decree and Ruling on Plaintiff's Request for Injunction to Stop Retaliatory Acts and Refill Medications That Were Stopped for Retaliation Alone;

4. [63] Motion for Temporary Restraining Order; and

5. [107] Motion for Immediate Ruling on Temporary Restraining Order.

By Report and Recommendations [49], the previously-assigned Magistrate Judge recommended that Motions [12, 13, and 23] be denied. The Report and Recommendations noted, however, that a omnibus hearing was contemplated to develop the allegations advanced by Hale. An omnibus hearing having now been held, the undersigned is of the opinion that it remains proper to deny Motions [12, 13, and 23]. In Motions [63 and 107], Hale requests the same relief as requested in Motions [12, 13, and 23]. It is accordingly recommended that Motions [63 and 107]

also be denied.

## I. BACKGROUND

Prisoner John Hale seeks relief pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and a consent decree. Hale has sued the Harrison County Board of Supervisors and various prison officials and medical providers at the Harrison County Adult Detention Center ("HCADC"). The Motions now before the Court concern Hale's request for preliminary injunctive relief and his allegation that he is entitled to enforce a consent decree between the United States and Harrison County, Mississippi.

This is the seventh suit that Hale has filed in this Court, and it is the sixth time that Hale has sued Harrison County:

1. *Hale v. Harrison Co., et al.,* 1:03cv840-LG-JMR;

2. *Hale v. Rios,* 1:04cv461-DMR;

3. *Hale v. State of Mississippi,* 2:06cv245-MTP;

4. *Hale v. Harrison Co. Bd. of Supervisors*, 1:07cv956-LG-RHW;

5. *Hale v. Harrison Co. Bd. of Supervisors,* 1:08cv1385-LG-RHW; and

6. *Hale v. Lege et al.,* 1:12cv130-JMR.

## II. ANALYSIS

A. <u>Hale is Not Entitled to Preliminary Injunctive Relief</u>

A party requesting a temporary restraining order or preliminary injunction must clearly demonstrate a substantial likelihood of success on the merits. *Womens' Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). Hale

has not met this burden.

As he has in six previous suits, Hale claims that jail medical providers have responded to his serious medical needs with deliberate indifference. *See* 1:03cv840-LG-JMR, 1:04cv461-DMR, 2:06cv245-MTP, 1:07cv956-LG-RHW, and 1:12cv130-JMR. Hale requests that the Court issue a preliminary injunction requiring a doctor at HCADC to prescribe him Ultram, a Schedule IV opiod pain medication, to treat what Hale submits is "degeneration of lumbar/ lumbosacral intervertebral disc and herniated discs." Pl.'s Resp. [50] 1. Hale also requests a preliminary injunction requiring a prison doctor or nurse practitioner to prescribe him Zantac to treat his purported reflux disorder.

Hale was prescribed Ultram and Zantac for a period of time while incarcerated at HCADC, and according to Hale, these medications were ceased in retaliation for him pursuing this lawsuit. Hale objects to being prescribed Ibuprofen or Tylenol for pain instead of Ultram. Hale submits that he cannot take Ibuprofen and Tylenol because he has Hepatitis C. Hale asserts that his reflux disorder requires treatment with Zantac. Hale is unsatisfied with the limited amount of Tums he has received in lieu of Zantac.

It is evident from Hale's numerous filings that his overriding concern is Ultram. Hale's request for Ultram is more than suspect in light of Hale's documented history of substance abuse and past convictions for drug crimes. Hale's medical records from HCADC indicate that he has a "substance abuse disorder." Doc. [50-1] 1. Hale objects to this characterization and submits that he is "opiod dependent." *Id.* Hale is currently serving a sixteen-year sentence for violating Mississippi Code

section 41-29-139(a)(1), which makes it unlawful to "knowingly or intentionally . . . sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance[.]" Miss. Code § 41-29-139.  Prior to his present period of incarceration, Hale served over one year in prison for illegally selling synthetic narcotics and transferring a controlled substance.  Hale has at least two prior convictions for public drunkenness.

Hale's request for preliminary injunctive may be moot because it does not appear that Hale is currently incarcerated at HCADC.  Hale was transferred to the Central Mississippi Correctional Facility for fourteen days in October 2014 and then to the East Mississippi Correctional Facility in November 2014.  The last change of address filed by Hale indicates that he is still incarcerated at the East Mississippi Correctional Facility.  The undersigned will address Hale's request for preliminary injunctive relief, nonetheless, because it is possible that Hale is due to return to HCADC, as he has in the past.

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).  Deliberate indifference is an extremely high standard and "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1999); *see Gobert v. Caldwell,* 463 F.3d 339, 351 (5th Cir. 2006).

Hale has not demonstrated that his back pain and reflux issues equate to serious medical needs.  Assuming that he could make this showing, a decision to prescribe or not prescribe a specific medication is a matter for medical judgment,

rather than a basis for an Eighth Amendment claim. *Estelle,* 429 U.S. at 107. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). The Fifth Circuit has found no constitutional violation where a prison doctor refused to provide a prisoner with the specific pain medication he requested. *Williams v. Chief of Med. Operations, Tarrant Co. Jail,* No. 94-10115, 44 F.3d 1004, *2 (5th Cir. Dec. 27, 1994). The Fifth Circuit also found no constitutional violation where a prison doctor did not follow a consulting surgeon's suggested regimen for treating a prisoner's post-surgery pain. *Williams v. Bearry,* No. 00-60731, 273 F.3d 1096, *3 (5th Cir. Sept. 7, 2001). Instead, the Court held that the prison doctor was the prisoner's primary treating physician, and it remained within his discretion to provide appropriate post-operative care. *Id.*

Hale's claims regarding Ultram and Zantac are unlikely to succeed. Hale is not entitled to preliminary injunctive relief, and his Motions requesting such relief should be denied.[1]

B.  Hale's Claims Seeking Relief Pursuant to a Consent Decree Should be Dismissed

Hale references a consent decree between the United States and Harrison County. He identifies the consent decree only as one entered over seventeen years

---

[1] Hale asserted almost identical medical claims in a previous case, in connection with his incarceration at the South Mississippi Correctional Institution. 2:06cv245-MTP. In that case, Hale's [14] Motion for Injunctive Relief seeking immediate treatment with pain medication other than Ibuprofen was denied. Order [28], adopting Report and Recommendations [20] in 2:06cv245-MTP.

ago that requires HCADC to improve prisoners' medical care and access to the courts. Hale is not a party to the consent decree but seeks to enforce it. A consent decree may not be enforced through 42 U.S.C. § 1983. *Green v. McKaskle,* 788 F.2d 1116, 1122-23 (5th Cir. 1986). Remedial decrees do not create or enlarge "rights, privileges, or immunities secured by the Constitution and laws." *Id.* (citing 42 U.S.C. § 1983). To the extent that Hale seeks relief pursuant to a consent decree, that relief is not appropriate to pursue in this action. The undersigned recommends that Hale's Motions seeking to enforce a consent decree be denied, and his claims seeking relief pursuant to a consent decree dismissed.

### III.  RECOMMENDATIONS

For the reasons stated, the undersigned recommends that Hale's Motions [12, 13, 23, 63, and 107] be denied. It is further recommended that Hale's claims seeking to enforce a consent decree be dismissed.

### IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider

frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 4th day of February, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE