IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN HALE**                                                                                                **PLAINTIFF**

**v.**                                                                              **CAUSE NO. 1:14CV61-LG-JCG**

**HARRISON COUNTY BOARD**
**OF SUPERVISORS, ET AL.**                                                        **DEFENDANTS**

### ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTIONS

This cause comes before the Court on the Report and Recommendations of United States Magistrate John C. Gargiulo entered in this cause on February 4, 2015. Magistrate Judge Gargiulo reviewed a number of motions filed by plaintiff John Hale, who is proceeding *pro se* and *in forma pauperis* in this prison conditions action brought pursuant to 42 U.S.C. § 1983. The motions request two forms of injunctive relief against the Harrison County defendants: 1) a preliminary injunction to require the Harrison County Adult Detention Center officials to provide him with certain pain medication and treatment [13, 23, 63, and 107]; and 2) "strict enforcement" of a consent decree governing HCADC operations. [12, 23]. Because Hale has been moved from the HCADC to another institution in Meridian, Mississippi, it is not possible for the Court to provide the injunctive relief Hale requests. Also, Hale may not enforce the terms of the consent decree between Harrison County and the United States in this § 1983 action. The Court will therefore adopt the Magistrate Judge's Report and Recommendations to the extent he recommends that all of the Motions be denied, and that Hale's claims seeking to enforce the consent decree be dismissed.

BACKGROUND

In this lawsuit, Hale complains that HCADC officials have denied him appropriate pain medication and treatment, a high protein diet which he requires for medical reasons, and access to the courts. He contends that jail officials have acted with deliberate indifference to his need for certain medical care, and have caused him to lose an appeal at the Fifth Circuit Court of Appeals. Hale's claims are for violation of his constitutional rights under 42 U.S.C. § 1983, violation of the Americans with Disabilities Act, and for enforcement of a consent decree entered into by Harrison County and the United States which governs the operations of the HCADC. The Motions that are the subject of the Magistrate Judge's Report and Recommendations concern Hale's requests for preliminary injunctive relief and for enforcement of the consent decree.[1]

The Magistrate Judge first found that Hale's request for preliminary injunctive relief might be moot because Hale was no longer housed at the HCADC. The Magistrate Judge went on to examine the propriety of preliminary injunctive relief, and concluded that in essence, Hale's medical care claims contested the

---

[1] The Motions are:
[12] Petition for Contempt Proceedings as to the Consent Decree Against the Harrison County Jail;
[13] Motion for Emergency Injunctive Relief from Vengeful Punitive Action Taken by Defendant Dr. Coulter;
[23] Motion for Enforcement of Consent Decree and Ruling on Plaintiff's Request for Injunction to Stop Retaliatory Acts and Refill Medications That Were Stopped for Retaliation Alone;
[63] Motion for Temporary Restraining Order; and
[107] Motion for Immediate Ruling on Temporary Restraining Order.

prison doctor's choice of pain treatment and medication.  Because allegations of this kind do not implicate constitutional rights, the Magistrate Judge found it unlikely that Hale will prevail on the merits of his medical care-related claims.  The Magistrate Judge recommended that preliminary injunctive relief be denied for that reason.

In regard to the motions implicating and attempting to enforce a consent decree between the United States and Harrison County,[2] the Magistrate Judge noted that Hale cannot enforce a consent decree through § 1983.  The Magistrate Judge recommended that the motions seeking to enforce the consent decree be denied and the claims dismissed.

Hale objects that the Magistrate Judge made errors regarding Hale's previous litigation history, erroneously concluded that Hale had not shown that his back pain and reflux issues are serious medical needs, and generally misinterpreted Hale's arguments.  Hale contends that he does not want any particular medication but only adequate management and treatment for his pain – "[t]he controversy is not that Plaintiff disagreed with treatment it is that Dr. Coulter told Nurse Pactioner [sic] to reduce the level of treatment when it was contraindicated and he did so with an evil intent and stoped [sic] meds in retalation [sic] for assertin [sic] of rights." (Pl. Obj. 8, ECF No. 133).  Hale also objects that the Magistrate Judge failed to include all of Hale's claims in the Report and Recommendations, such as his claim for violation of the ADA and the access to courts claim.  Hale does not

---

[2] Presumably, Hale refers to the Consent Judgment entered January 12, 1995 in *United States v. Harrison County, Mississippi*, No. 1:95cv5GR (S.D. Miss.)

address the mootness issue, nor does he object to the Magistrate Judge's analysis and conclusion that Hale may not enforce the consent decree through this § 1983 action.

THE LEGAL STANDARD

When any party objects to the Report and Recommendation, the Court must review the objected-to portions de novo. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The unobjected-to findings and recommendations are reviewed only to determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Hale's objections concern the Magistrate Judge's analysis of the merits of Hale's claim that he is receiving inadequate and/or inappropriate medical care for his back pain and reflux issues. The Court does not address Hale's merits-based objections because Hale is no longer subject to the actions of the defendants, and therefore enjoining their actions would serve no purpose. Hale did not object to the remainder of the Magistrate's findings and conclusions. Accordingly, the Court does not conduct a *de novo* review, but reviews the Report and Recommendations only to determine if the conclusions therein are either clearly erroneous or contrary to law.

A. <u>Preliminary Injunctive Relief</u>

Hale must prove the following four elements to be eligible for preliminary

injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). A preliminary injunction is an extraordinary remedy, *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994), "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Miss. Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

Hale has been transferred from the HCADC — the facility in which the alleged violations occurred — to the Central Mississippi Correctional Facility in Meridian, Mississippi to serve his eighteen year sentence. The Court was notified of his change of address in November 2014. Although Hale returned to the HCADC in December 2014, he was transferred out within a month and arrived back in the Meridian facility in January 2015, where he apparently remains. As such, his claims for injunctive relief based upon conditions at the HCADC have become moot. *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (transfer of prisoner renders injunctive relief moot). The Court has no reason to assume that Hale will be transferred back to the HCADC, making a claim for relief based upon

that possibility too remote and speculative. *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987). If Hale is housed at the HCADC in the future and subjected to actions he believes entitle him to a preliminary injunction, he may move at that time for injunctive relief. The currently pending motions will be denied.

B. <u>Enforcement of the Consent Decree</u>

Hale requests that the Court: 1) hold Harrison County and its Sheriff in contempt of the consent decree, (Pl. Mot. for Contempt Proceedings 1, ECF No. 12); and 2) strictly enforce the terms of the consent decree, as HCADC officials "continue to violate the rights of myself and the citzens [sic] of this County." (Pl. Mot. for Enforcement of Consent Decree 1, ECF No. 23). The Magistrate Judge concluded that the consent decree does not provide Hale with rights he can enforce through a § 1983 action. The Court finds this conclusion to be a correct statement of the law. *See Green v. McKaskle*, 788 F.2d 1116, 1122-23 (5th Cir. 1986). The motions seeking enforcement of the consent decree will be denied, and the claims based on violation of the consent decree will be dismissed.

CONCLUSION

After reviewing the Report and Recommendations, Hale's objections, the record in this case and the relevant law, it is the Court's opinion that the Magistrate Judge's conclusions are neither contrary to law nor clearly erroneous. Accordingly, the Court will adopt the Report and Recommendations to the extent that the motions for preliminary injunctive relief will be denied as moot, the motions seeking to enforce the consent decree will be denied, and claims based upon violation of the consent decree will be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation of United States Magistrate Judge John C. Gargiulo, entered in this cause on February 4, 2015, is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Hale's Motions [12, 13, 23, 63, and 107] are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Hale's claims seeking to enforce a consent decree between Harrison County and the United States are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE