IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN HALE                                                                                          PLAINTIFF

v.                                                                        CAUSE NO. 1:14CV61-LG-JCG

HARRISON COUNTY BOARD
OF SUPERVISORS, ET AL.                                                              DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION
GRANTING MOTIONS FOR SUMMARY JUDGMENT
AND ASSESSING THIRD STRIKE AGAINST JOHN HALE

This cause comes before the Court on the Report and Recommendation of United States Magistrate Judge John C. Gargiulo entered on January 31, 2017. Plaintiff John Hale is proceeding *pro se* and *in forma pauperis* in this prison conditions action. Magistrate Judge Gargiulo reviewed the [174] Motion for Summary Judgment filed by Unknown Coulter, Jeffery Knight, Tara Kutscherenko, and Jaclyn Simmons Meyera; the [176] Motion for Summary Judgment filed by Unknown Brisolara, Unknown French, A. Johnson, Unknown Lege, Unknown Sanderson, Unknown Tarpley, Unknown Washington, and Unknown Wilson; and the [178] Motion for Summary Judgment filed by the Harrison County Board of Supervisors. Magistrate Judge Gargiulo recommended that the motions be granted, this case dismissed, and a strike assessed against Hale for filing frivolous claims. Hale has objected [202] to the Report and Recommendation. Defendants Brisolara, French, Johnson, Lege, Sanderson, Tarpley, Washington, and Wilson filed a Response [203] to Hale's objection, in which the Harrison County Board of

Supervisors joined [205].  Defendants Coulter, Hollaway, Knight, Kutscherenko, and Meyer also filed a Response [204] to Hale's objection.  After review of the submissions and the record, it is the Court's opinion that the Magistrate Judge correctly analyzed and resolved the issues.  Accordingly, Hale's objections are overruled, and the Report and Recommendation is adopted as the opinion of the Court.

### BACKGROUND

In this lawsuit, Hale complains that HCADC officials denied him appropriate pain medication and treatment, a high protein diet which he requires for medical reasons, and access to the courts.  He contends that jail officials have acted with deliberate indifference to his need for certain medical care, and have caused him to lose an appeal at the Fifth Circuit Court of Appeals.  Hale's claims are for violation of his constitutional rights under 42 U.S.C. § 1983, violation of the Americans with Disabilities Act, and pendent state law claims.

The Magistrate Judge reviewed the three motions for summary judgment filed by all of the defendants.  Each motion was fully briefed, with Hale filing timely and voluminous responses in opposition.  In his Report and Recommendation, the Magistrate Judge detailed the medical care Hale received while at the HCADC, concluding that Hale's claim concerned differences in medical opinion between himself and HCADC staff, and therefore did not state a constitutional claim.  In regard to the ADA claim, the Magistrate Judge noted that there was no remedy under the ADA for what was in essence a claim concerning adequacy of medical

care. In regard to the retaliation claim, the Magistrate Judge found that Hale was not engaging in constitutionally protected conduct by filing a legally frivolous claim, and the officers he alleged retaliated against him had no ability to do so by changing his medication as he alleged. The Magistrate Judge found that the access to the courts claim was factually impossible to establish, as the timeline of the appeal Hale alleged was impacted and the dates of his incarceration at the HCADC did not coincide. Additionally, there were no due process concerns with 1) a disciplinary hearing at which Hale was able to present a statement or 2) the resultant loss of two weeks commissary privileges. Finally, any pendent state law claim against any defendant was barred by the Mississippi Tort Claims Act. Miss. Code Ann. § 11-46-1, *et seq*.

In the course of reaching these conclusions, the Magistrate Judge also determined that the denial of medical care claim, the access to the courts claim, and the due process claim were frivolous. Accordingly, he recommended that dismissal of this lawsuit should count as Hale's third strike for purposes of the PLRA. 28 U.S.C. § 1915(g).

## DISCUSSION

A. Standard of Review

Because Hale has objected to the Magistrate Judge's Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Guste*, 921 F.2d 620,

623 (5th Cir. 1991) (noting parties are "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made").  A court is not required to make new findings of fact independent of those made by the Magistrate Judge. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000).  Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge.  *Boone v. Garrett*, 273 F.3d 1103, at *1 (5th Cir. 2001) ("The district court's memorandum order specifically states that the court has conducted de novo review.  No more is required."); *Koetting*, 995 F.2d at 40.  Where the objections are repetitive of the arguments already made to the Magistrate Judge, or are frivolous, conclusive, or general in nature, a de novo review is unwarranted.  *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993); *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  Instead, the report and recommendation is reviewed by the district judge for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005).

B. Analysis

The Court has reviewed the summary judgment motion briefing in conjunction with the Magistrate Judge's Report and Recommendation.  It is apparent that Hale's objections to the Report and Recommendation are primarily a restatement of his arguments against summary judgment, which the Magistrate Judge was able to fully consider in reaching his conclusions.  To the extent that

Hale raises new arguments in his objections, they are frivolous.[1] It is the Court's opinion that there is no clear error; the Magistrate Judge applied the correct law to Hale's claims and reached the appropriate conclusions. Hale's objections will be overruled and the Report and Recommendation adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Objection [202] to United States Magistrate Judge John C. Gargiulo's Report and Recommendation [200] is **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that United States Magistrate Judge John C. Gargiulo's Report and Recommendation [200] entered on January 31, 2017, is **ADOPTED AS THE FINDING OF THIS COURT**; that the summary judgment motions of all Defendants [174, 176, 178] are **GRANTED**; and that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the dismissal of certain claims in this case as frivolous counts as Plaintiff John Hale's third strike for purposes of 28 U.S.C. § 1915(g). John Hale may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

---

[1] For example, Hale argues that the Magistrate Judge was not justified in stating that Hale "readily admits that he utilizes the litigation process as a means to intimidate jail staff into providing him what he wants, particularly medication." (Report & Rec. 21, ECF No. 200). However, the Magistrate Judge cited to places in the record where Hale had threatened jail staff, in writing, with being included in this litigation if his demands were not satisfied. (*See id.*).

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2017.

_s/ Louis Guirola, Jr._
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
